DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Assistant United States Attorney
Nevada State Bar No. 12080
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-5087
Elham.Roohani@usdoj.gov
Counsel for the United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-409-JAD-(VCF) |
| Plaintiff, | |
| v. | Stipulation to Modify the Plea Agreement (ECF No. 26) as to Jamie Joe Dulus and Order |
| JAMIE JOE DULUS, | |
| Defendant. | |

The United States of America and Jamie Joe Dulus (defendant) and his counsel, Jack E. Buchanan, agree as follows:

1. The government and Jamie Joe Dulus seek to modify the Plea Agreement (ECF No. 26) to add property to be forfeited. The Plea Agreement will remain in effect as to all other aspects of the agreement. All waivers and agreements in the Plea Agreement will be in effect for the property listed below.

2. The following property is (1) any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924(c)(1)(A), or any violation of any criminal law of the United States, Title 18, United States Code, Section 113(a)(3) and (2) any firearm or ammunition intended to be used in any crime of violence, Title 18, United States

Code, Sections 113(a)(3) and 924(c)(1)(A), and is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) with Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 924(d)(1), (2)(C), and (3)(A) with Title 28, United States Code, Section 2461(c): Raven handgun .25 caliber, serial number 545568 (property).

3. The defendant knowingly and voluntarily agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of: Raven handgun .25 caliber, serial number 545568 (property).

4. The defendant knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property.

5. The defendant knowingly and voluntarily abandons or forfeits the property to the United States.

6. The defendant knowingly and voluntarily relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property.

7. The defendant knowingly and voluntarily waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings).

8. The defendant knowingly and voluntarily waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

9. The defendant knowingly and voluntarily waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property.

10. The defendant knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

11. The defendant knowingly and voluntarily waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including

but not limited to, the constitutional due process requirements of any proceedings concerning the property.

12. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the property.

13. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution.

14. The defendant knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15. The defendant knowingly and voluntarily waives the right to appeal any Order of Forfeiture.

16. The defendant knowingly and voluntarily agrees the property is forfeited to the United States.

17. The defendant knowingly and voluntarily agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture.

18. The defendant knowingly and voluntarily acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution.

19. The defendant knowingly and voluntarily agrees to take all steps as requested by the United States to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. The defendant understands and agrees that the property

3

represents proceeds and/or facilitating property of illegal conduct and is forfeitable. The defendant acknowledges that failing to cooperate in full in the forfeiture of the property constitutes a breach of this Plea Agreement.

20. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

21. The Stipulation contains the entire agreement between the parties.

22. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

23. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

24. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

26. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /
/ / /
/ / /

4

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 3/22/18

_____
JACK BUCHANAN
Counsel for Jamie Joe Dulus

DATED: 3/22/18

_____
JAMIE JOE DULUS

DATED: 3/30/18

DAYLE ELIESON
United States Attorney

_____
ELHAM ROOHANI
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: 4/3/2018

5