# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

     Plaintiff

v.

Jamie Joe Dulus,

     Defendant

Case No.: 2:17-cr-00409-JAD-VCF

**Order Denying Motion to Vacate 18 U.S.C. § 924 Conviction under *United States v. Davis***

[ECF No. 51]

After a violent altercation with security guards at Lake Mead in 2017, Jamie Joe Dulus pled guilty to assault with a dangerous weapon[1] and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  As part of his plea agreement, Dulus waived his right to challenge his sentence on direct appeal or collateral attack under 28 U.S.C. § 2255.[2]  Dulus received a within-guidelines sentence of 21 months for the assault, plus 60 months for the firearm count, for a total sentence of 81 months.

At the time of Dulus's conviction, § 924(c) offered two ways for an underlying offense to constitute a "crime of violence."  But in 2019, the United States Supreme Court struck down one of them as unconstitutionally vague in *United States v. Davis*.[3]  While Dulus did not appeal, he now asks the court to vacate his firearm conviction under § 2255, arguing that, under *Davis*, assault with a dangerous weapon is not a crime of violence.  I deny Dulus's motion because the Ninth Circuit has since held that assault with a dangerous weapon qualifies as a crime of

---

[1] 18 U.S.C. § 113(a)(3).

[2] ECF No. 26 at 11.

[3] *United States v. Davis*, 139 S. Ct. 2319 (2019).

violence under § 924(c)'s remaining clause,[4] so his conviction remains valid despite the *Davis* holding.

### Discussion

Section 924(c) carries heightened criminal penalties for defendants who use, carry, or possess a firearm during and in relation to a "crime of violence."  The statute defines "crime of violence" in two subsections.  First, the "elements clause" defines a crime of violence to include a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[5]  Second, the "residual clause" includes any felony "that[,] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[6]  But in 2019, the High Court held in *United States v. Davis* that the residual clause's crime-of-violence definition is unconstitutionally vague.[7]

Relying on *Davis*, Dulus contends that his § 924(c) conviction must be vacated because assault with a dangerous weapon does not meet the crime-of-violence definition under the elements clause because it can be committed by a "nonviolent, offensive touching."[8]  The government opposes his motion, arguing that Dulus's challenge is procedurally defaulted and fails on its merits because the Ninth Circuit foreclosed such a challenge in *United States v.*

---

[4] I find that no evidentiary hearing is warranted here in light of clear Ninth Circuit authority.

[5] 18 U.S.C. § 924(c)(3)(A).

[6] *Id.* § 924(c)(3)(B).

[7] *Davis*, 139 S. Ct. at 2336.

[8] ECF No. 51 at 9.

1   *Gobert*[9] when it reaffirmed that assault with a dangerous weapon remains a crime of violence

2   under § 924(c)'s elements clause.[10]

3   **I.     Dulus procedurally defaulted his claim for relief.**

4          A defendant who fails to raise a claim on direct review is deemed to have procedurally

5   defaulted it and may only raise it later in a habeas petition if he can demonstrate cause and actual

6   prejudice, or actual innocence.[11]  The government argues that the basis for Dulus's motion was

7   available to him before *Davis* was decided and he can't show prejudice because assault with a

8   dangerous weapon remains a crime of violence in the Ninth Circuit.  Dulus responds that the

9   procedural-default rule doesn't apply to his motion because his claim is based on a jurisdictional

10  defect.  He adds that cause exists because his *Davis*-based argument wasn't available to him

11  during the window to appeal.  While Dulus bears the burden to show cause and prejudice, he has

12  failed to do so.

13         **A.     Dulus's jurisdictional-defect argument is without merit.**

14         Dulus argues that his claim is exempt from the procedural-default rule because it

15  ultimately challenges this court's jurisdiction.  He cites *United States v. Montilla*[12] for the

16  proposition that his claim challenges the constitutionality of applying the assault-with-a-

17  dangerous-weapon statute to § 924(c) and that the indictment fails to state an offense.[13]  The

18

19  _____

    [9] *United States v. Gobert*, 943 F.3d 878, 881 (9th Cir. 2019).

20  [10] The government does not dispute Dulus's arguments that *Davis* is retroactive, he did not waive

21  his right to challenge his sentence under § 2255, or that his motion is timely.  So I assume
    without deciding the timeliness of Dulus's motion and the validity of his waiver, and I deny this
    motion on other grounds.

22  [11] *Bousley v. United States*, 523 U.S 614, 622 (1998) (citations omitted).

23  [12] *United States v. Montilla*, 870 F.2d 549 (9th Cir. 1989).

    [13] ECF No. 54 at 4.

Ninth Circuit's holding in *United States v. Chavez-Diaz*[14] forecloses this argument.  In *Chavez-Diaz*, the court explained that the jurisdictional exception "applies 'where on the face of the record the court had no power to enter the conviction or impose the sentence.'"[15]  Thus, these limited challenges are predicated on scenarios "where [an] appeal, if successful, would mean that the government cannot prosecute the defendant *at all*."[16]  Dulus's challenge does not raise a jurisdictional defect excused from the procedural-default rule because he doesn't argue that the government lacked the power to prosecute him for his actions or that Congress lacked the power to pass either statute.[17]

> **B.    Dulus cannot show cause to excuse his default.**

A defendant may demonstrate cause by showing that his claim is "so novel that its legal basis is not reasonably available to counsel."[18]  Dulus argues that cause exists because his motion raises an issue that was previously barred in the Ninth Circuit.[19]  But this futility argument is unpersuasive because "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"[20]

Dulus has failed to otherwise show cause because, at the time of his plea, several defendants had unsuccessfully raised similar challenges.  Though Dulus briefly argues that *Davis* invalidated his § 924(c) conviction if it were based on the residual clause, his motion centers on a

---

[14] *United States v. Chavez-Diaz*, 949 F.3d 1202, 1208 (9th Cir. 2020).

[15] *Id.* (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)).

[16] *Id.* (citation omitted) (emphasis in original).

[17] *See id.* at 1208–09.

[18] *Reed v. Ross*, 468 U.S. 1, 16 (1984).

[19] ECF No. 54 at 6.

[20] *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n. 35 (1982)).

challenge to his § 924(c) conviction under the elements clause.  By the time Dulus pled guilty

and was sentenced in 2018, the Ninth Circuit had already held, in an unpublished opinion, that

assault with a dangerous weapon "is categorically a crime of violence under [the elements clause

of ] 18 U.S.C. § 924(c)(3)"[21] because "all culpable conduct criminalized under" the statute

"requires the use, attempted use, or threatened use of violent force."[22]  This is also true of courts

in this district.[23]  And even if Dulus's motion is based solely on the *Davis* decision, that court

confirmed that the vagueness challenge to the residual clause was heavily litigated "among the

lower courts"[24] at the time of Dulus's prosecution.  This district was no exception.[25]  Thus the

challenges he raises now were available to him at the time of his plea and during his window to

appeal, foreclosing Dulus from demonstrating cause to excuse his default.

### C.    Dulus cannot establish prejudice.

Even if Dulus could show cause, he cannot establish prejudice because assault with a

deadly weapon is a crime of violence in the Ninth Circuit under the elements clause.  After *Davis*

invalidated § 924(c)'s residual clause, the Ninth Circuit in *United States v. Gobert* confronted the

exact challenge Dulus presents here: does a conviction for assault with a dangerous weapon

---

[21] *United States v. Sutton*, 695 F. App'x. 330, 331 (9th Cir. 2017) (unpublished) ("Because we conclude that [a]ssault with a [d]angerous [w]eapon . . . is categorically a crime of violence, we need not reach Sutton's arguments about the residual clause.").

[22] *Id.* at 331 (citation omitted).

[23] *E.g.*, *United States v. Bundy*, No. 2:16-cr-00046, 2016 WL 8730142, at *4 (D. Nev. Dec. 30, 2016).

[24] *Davis*, 139 S. Ct. at 2325.

[25] *E.g.*, *Bundy*, 2016 WL 8730142, at *11; *United States v. Scott*, No. 3:12-cr-00051, 2017 WL 58577, at *1 (D. Nev. Jan. 4, 2017) ("Defendant argues the assault with a dangerous weapon charge[] . . . that formed the basis for his conviction under [§ 924(c)] was not a 'crime of violence' . . . because the residual clause defining 'crime of violence' is similar to the residual clause of § 924(e)(2), which the Supreme Court has struck down as unconstitutionally vague.") (citing *Johnson v. United States (Johnson II)*, 576 U.S. 591, 606 (2015)).

1    categorically qualify as a crime of violence under the elements clause?  The *Gobert* panel

2    answered that question with a resounding "yes,"[26] reasoning, "[a]lthough the Supreme Court

3    recently declared the residual clause unconstitutionally vague, that is of no consequence to this

4    appeal because assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) is a crime of

5    violence under the elements clause."[27]  Acknowledging that *Gobert* is binding on this court,[28]

6    Dulus argues that *Gobert* was wrongly decided.[29]  But given its binding effect, he notes that he

7    raises his challenge merely to "preserve his claim for further appellate review."[30]  I am bound by

8    *Gobert*, which renders Dulus unable to establish actual prejudice because, even if assault with a

9    dangerous weapon can no longer qualify as a crime of violence under the residual clause, it

10   remains a crime of violence under the elements clause.  Dulus thus cannot establish prejudice to

11   excuse his procedural default.  And even if this claim were not defaulted, I would deny Dulus's

12   motion on its merits under *Gobert*.

### Conclusion

14          IT IS THEREFORE ORDERED that Dulus's motion to vacate under 28 U.S.C. § 2255

15   **[ECF No. 51] is DENIED**.  And because reasonable jurists would not find this determination

---

[26] *Gobert*, 943 F.3d at 880.

[27] *Id.* (citation omitted).

[28] *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) ("[A] published decision of this court constitutes binding authority [that] must be followed unless and until [it is] overruled by a body competent to do so." (internal quotation marks omitted)).

[29] ECF No. 51 at 8–14.  Even if I were to ignore *Gobert*'s holding, Dulus's argument that assault with a dangerous weapon can be completed with merely slight touching improperly conflates § 113(a)(5)'s criminalization of "simple assault" with § 113(a)(3), under which Dulus was charged.  *See United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (discussing the scope of 18 U.S.C. § 113(a)(5)).

[30] ECF No. 54 at 9.

debatable, wrong, or deserving of encouragement to proceed further,[31] **I decline to issue a certificate of appealability**. The Clerk of Court is **DIRECTED to enter a separate civil judgment denying Dulus's § 2255 petition and denying a certificate of appealability**.  The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:20-cv-01173-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
January 22, 2021

---

[31] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).